LARRY LUND ET AL., APPELLEES, v. CLAIR W. ORR ET AL., APPELLANTS.

148 N. W. 2d 309

Filed February 10, 1967. No. 36427.

Smith, Smith & Boyd and Cecil W. Orton, for appellants.

Ryan & Scoville, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

BOSLAUGH, J.

This is an action to remove a restrictive covenant upon real estate. The trial court found that the restriction should be removed and canceled. The defendants appeal.

The plaintiffs, Larry Lund and Donna Lund, are the owners of a small tract of land, having an area of approximately 1 acre, located about one-half mile north of Dakota City, Nebraska. The plaintiffs' land is near the northeast corner of the southwest quarter of Section 4, Township 28 North, Range 9 East of the 6th P.M., in Dakota County, Nebraska, and is adjacent to the right-of-way of U. S. Highway No. 77 which runs along the east boundary of the property. A county road runs along the north edge of the property. The plaintiff, Ernest E. Rozell, Jr., is the contract purchaser of the 1-acre tract.

The defendants, Clair W. Orr and Lucille Orr, formerly owned the entire southwest quarter of Section 4 subject to certain easements and rights-of-way. In June 1964, they conveyed the 1-acre tract to the Lunds by a warranty deed which contained this provision: "Grantees, by accepting this deed, agree to use said tract solely as a residential lot and violation or attempting to violate this provision shall not affect the title to said tract, but an action may be maintained by grantors or any adjoining owner to either restrain violation or recover damages."

In December 1964, the Orrs conveyed the rest of the southwest quarter of Section 4 without restriction to

the defendant, So Soo Development, Inc. In July 1965, So Soo Development, Inc., conveyed the property to the defendant, County of Dakota, Nebraska. The property is now leased to the defendant, Iowa Beef Packers, Inc., and an $8,500,000 plant has been constructed upon the premises for the slaughter of cattle and the processing of beef. In 1965, the property was designated an industrial area under Chapter 19, article 25, R. R. S. 1943.

At the time the Lunds purchased the 1-acre tract, the Orr property was used for farming. The land to the north was used for raising and storing potatoes. The land to the east was used as a farm and for cattle feeding. There has been no change in the use of the land to the north and to the east. There has been no construction upon the 1-acre tract and there is evidence that it is not now suitable for residential use.

The plaintiffs' theory of the case is that there has been a change in conditions and that the 1-acre tract is no longer suitable for residential use. Restrictions as to the erection or use of buildings will be construed, if possible, so as to effectuate the intention of the parties. Hogue v. Dreesen, 161 Neb. 268, 73 N. W. 2d 159. Where the original purpose and intention of the parties who created the restriction, pursuant to a general scheme, has been destroyed by a change of condition of the surrounding neighborhood, and the restriction is no longer a substantial benefit to the residents, the restriction will not be enforced. Reed v. Williamson, 164 Neb. 99, 82 N. W. 2d 18.

A restrictive covenant is to be construed in connection with the surrounding circumstances, which the parties are supposed to have had in mind at the time they made it; the location and character of the entire tract of land; the purpose of the restriction; whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers; and whether it was in pursuance of a general building plan for the development of the property. Hogue v. Dreesen, *supra*.

There is no direct evidence as to the purpose of the restriction which was imposed upon the 1-acre tract involved in this case. Lund testified that he intended to use the 1-acre tract for residential purposes at the time he purchased it. The plaintiffs offered to prove that the grantor had explained at the time of the transaction that it was his intention to sell other tracts of land along U. S. Highway No. 77 for residential purposes and that such sales would be hampered unless a restriction was imposed upon the 1-acre tract.

There is nothing in the evidence to indicate that at the time of the sale of the 1-acre tract to the Lunds, the Orrs contemplated any use other than agricultural or residential for their property. The location and character of the land, and the surrounding circumstances, indicates that the purpose of the restriction was to permit and facilitate residential development upon other parts of the Orr land.

The sale of the entire remaining tract 6 months later for the construction and development of a large packing plant was an abandonment of any plan for residential development upon the Orr land. The original purpose and intention of the parties has been destroyed and there is no longer any substantial benefit to the remaining land.

The defendants argue that they will be damaged by the cancellation of the restriction imposed upon the 1-acre tract. They suggest the possibility that the 1-acre tract might be devoted to some undesirable business if the restriction were removed.

The benefit which the defendants were entitled to receive from the restrictive covenant had reference to the physical use or enjoyment of the land possessed by them. See Price v. Anderson, 358 Pa. 209, 56 A. 2d 215, 2 A. L. R. 2d 593. A nonresidential use of the 1-acre tract will not interfere with the defendants' use of their land for the industrial purposes to which it is now devoted. It is this change in the use of the defendants'

land that entitles the plaintiffs to relief from the restriction.

The defendants point out that the sale to Rozell took place after the sale to So Soo Development, Inc., and at about the time that the construction of the packing plant commenced. This is a circumstance which weakens the plaintiffs' case but it is not a complete defense to the action. If the restriction could be enforced against Rozell, it would be valid as against all future owners, and the use of the 1-acre tract would be restricted to a use which is not suitable or desirable because of the use which is now made of the rest of the property.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.