358 So.2d 1084 (1977)
Marvin FRANKLIN and Norman Franklin, Appellants,
v.
WHITE EGRET CONDOMINIUM, INC., a Non-Profit Florida Corporation, Appellee.
No. 76-1535.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Rehearing Denied May 31, 1978.
*1085 James G. Kincaid, Fort Lauderdale, for appellants.
Michael K. Davis of Watson, Hubert & Davis, Fort Lauderdale, for appellee.
KOVACHEVICH, ELIZABETH A., Associate Judge.
Appellants-defendants appeal a final judgment entered in favor of the appellee-plaintiff-condominium which set aside the transfer by deed of a certain ownership interest from one defendant-brother to the other defendant-brother on the basis that the same was contrary to the rules of the declaration of condominium which prohibited ownership by more than one family, and ordered the reconveyance by defendant, Norman Franklin of all of his interest in an *1086 apartment back to defendant Marvin Franklin. Of the six points raised on appeal, four have merit, and on the same, we reverse.
Defendants are out-of-state residents who desired to purchase a condominium apartment; their plans were contingent upon owning it jointly. Defendants decided to purchase a certain unit which was then owned by a Mr. and Mrs. Murray, who had listed the property for sale with a real estate broker, who represented those sellers. A salesman for that broker brought the ultimate purchaser, defendant Marvin Franklin, together with the owners in negotiations which culminated in the signing of a contract for the purchase of said apartment in the name of "Marvin Franklin or nominee".
Defendants testified that they wanted this apartment as a joint venture so that their respective families would have a place to stay when they visited Florida; they maintained that this was the sole motivation for their purchase in the first instance. Both defendants applied for approval of ownership and submitted membership applications to the plaintiff. There is a conflict in the testimony as to whether or not the plaintiff failed to give written notice of rejection of either of the applications to the unit owner; defendants contend that under Article XXII of the Declaration of Condominium, failure to give such written notice within ten (10) days was tantamount to consenting to the defendants' applications. At the closing, defendants' attorney was informed that defendant Norman Franklin's application could not be found. Sale of the apartment was made to defendant Marvin Franklin, whose application had been approved, and who then conveyed half his interest to defendant Norman Franklin.
Plaintiff asserted that defendant Norman Franklin's application had never been accepted because he had a child under age twelve in violation of condominium rules. Despite said rules, defendant Norman Franklin had been informed by the real estate agent for the Murrays that it was permissible for non-Florida residents to have guests under the age of twelve (12) live there, and, defendants were aware of two other non-Florida residents in the condominium with children under twelve (12) years of age. Ten (10) months after the closing, plaintiff brought suit seeking a declaratory judgment that the transfer from defendant Marvin Franklin to himself and his brother vesting an undivided one-half (1/2) interest in said apartment in each of them was void. The lower court denied defendants' request for a jury trial and subsequently entered a final judgment, as indicated hereinabove.
This point on appeal questions the holding of title jointly by defendants. Ownership by the two defendant blood brothers was permissible; Article X specifically allows joint ownership of condominium apartments: "Membership may be held in the name of more than one owner . ." In the entire Article there is no mention of any limits upon the amount of owners or the character of the group that might own the apartment; the word "family" is not even mentioned in the provision. It speaks not to the manner of use but specifically to the number of owners. The court should not now aid the plaintiff in reading a new and unstated restriction into the unqualified language of its own condominium document.
The next point questions what a "single family" is. Defendants contend that they were members of a single family and the use to which they put the condominium apartment was that of a single family residence. Article XXIII prohibits use for any other purpose than as a "single family residence." The word "family" has been used to describe a number of different sets of relationships and there is no consensus as to exactly what a family is. A zoning ordinance in Carroll v. City of Miami Beach, 198 So.2d 643 (Fla. 3rd DCA 1967), defined a family as "one or more persons occupying premises and living as a single housekeeping unit". The most recent federal expression on the same was an opinion filed on May 31, 1977, by the Supreme Court of the United States in Moore v. City of East *1087 Cleveland, Ohio, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531, wherein a municipal housing ordinance sought to limit occupancy of a dwelling unit to members of a single family, but defined "family" in such a way that the appellant's household did not qualify. In reversing, the majority concluded that the ordinance there deprived the appellant of her liberty in violation of the due process clause of the Fourteenth Amendment; it expressly selected certain categories of relatives who may live together and declared that others may not. The court indicated that the strong constitutional protection of the sanctity of the family established in numerous decisions of the Supreme Court extends to the family choice involved in that case and is not bound within an arbitrary boundary drawn at the limits of the nuclear family, which essentially is a couple and its dependent children. In conclusion, the court said that the history and tradition of this nation compel a larger conception of the family: "... the Constitution prevents East Cleveland from standardizing its children  and its adults  by forcing all to live in certain narrowly defined family patterns." In his concurring opinion, Mr. Justice Stevens finds that the right involved is the right to use one's own property as one sees fit.
The confusion surrounding the definition of the term "family" must be taken into account when interpreting the restrictions in the instant case, sub judice. As a restriction on the free use of property the single family rule must be "strictly construed in favor of free and unrestricted use of real property". Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925). "Substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant." Moore, supra, at 904. A restrictive covenant must be read in the context of the entire document in which it is contained. Moore, supra. When the "single family residence" restriction is read in conjunction with the context of the joint ownership provision, the two sections are inconsistent, and inherently ambiguous. Even if one were to consider that the defendants constitute two separate families, the use to which they put the apartment was that of a single family dwelling; according to the record herein, each of the defendants alternated their stays on the premises.
Two other points involve the subject of approval, but regarding different conveyances. Article XXII deals with written notice of disapproval to the Murrays, who were then owners of the apartment, and did not require notice to the defendants. The Murrays did not convey to both defendant brothers; they conveyed to defendant Marvin Franklin. From the record on appeal, the Murrays are not parties to this law suit and have made no complaint concerning this procedural matter. Further, the conveyance in dispute, sub judice, is not the conveyance from the Murrays, but rather, is the conveyance from the defendant Marvin Franklin to his brother. Thus, the question is whether or not, under the facts of this case, the conveyance of an undivided one-half interest in the apartment from defendant Marvin Franklin to defendant Norman Franklin required any approval. Article XXII specifically allows transfer of an apartment to a member of the "immediate family"; no approval is needed for such a transfer. Plaintiff concedes that where other requirements and restrictions were satisfied, an owner does not need the approval by the condominium association to convey an outright fee simple interest in the apartment to his brother. Defendant Norman Franklin is a member of the immediate family of Marvin Franklin. Thus, the transfer of part of the interest in the apartment from Marvin Franklin to Marvin Franklin and Norman Franklin was valid.
The final point on appeal that we find has merit relates to a restriction in condominium documents against children under the age of twelve (12) as an unconstitutional restriction and violation of defendant Norman Franklin's rights to marriage, procreation, and association, and violation of his right to equal protection of the laws.
Article XXIII prohibits children under the age of twelve (12) from residing on *1088 the condominium premises. This was the reason given by plaintiff for its disapproval of Norman Franklin's membership application. The instant case involves a number of rights which the Supreme Court of the United States has labeled "fundamental": the right to marry, Loving v. Commonwealth of Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1966), and the right to procreate, Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), and the right to marital privacy, Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). This restriction is an unconstitutional violation of this defendant's rights to marry and procreate. Further, no compelling reason has been shown for refusing to allow children under twelve (12) to reside in the condominium. It seems difficult to comprehend that change that occurs on a child's twelfth birthday which suddenly renders him fit to live in the condominium, and the plaintiff has offered no explanation regarding the same. Additionally, the plaintiff provides for a designation of children guests and has certain families with children under twelve (12) residing on the premises. Thus, the enforcement of the restriction is not only unsupportable by a compelling interest but is obviously unreasonable, since the plaintiff seeks to selectively and arbitrarily enforce the restriction. Even if the rule were valid, such unequal enforcement would be a violation of equal protection. East Coast Lumber Terminal v. Town of Babylon, 174 F.2d 106 (2d Cir.1949).
We find that the trial court erroneously ordered defendant Norman Franklin to transfer his interest in the apartment to defendant Marvin Franklin, and reverse the lower court and remand for the entry of a final judgment in favor of defendants, Marvin Franklin and Norman Franklin.
However, on the other point raised on appeal, we affirm the trial court. The lower court did not err in refusing to grant the defendants' motion for a jury trial. In this cause, the question for determination involved title to real property. No claim or counterclaim was made for damages or any other common law issue. Considering the equitable nature of the complaint, any jury trial, if affordable at all, is clearly subject to the discretion of the trial court, and no abuse of discretion is shown. See Commodore Plaza at Century Twenty One Condominium Association, Inc. v. Century Twenty One Commodore Plaza, Inc., 290 So.2d 539 (Fla. 3rd DCA 1964); Davis v. McGahee, 257 So.2d 62 (Fla. 1st DCA 1972).
Accordingly, we affirm, in part, and reverse, in part, and remand, with directions consistent with the views expressed herein.
AFFIRMED, in part; REVERSED, in part, and REMANDED, with directions.
MAGER and CROSS, JJ., concur.

ON PETITION FOR REHEARING
CROSS, Judge.
By petition for rehearing, appellee, White Egret Condominium, Inc., asks reconsideration of our determination that a restrictive covenant contained in condominium documents forbidding residency by families with children under twelve years of age is unconstitutional and therefore is unenforceable in the courts of this state.
Appellee correctly points out that the constitutional protection envisaged by the Fourteenth Amendment to the Constitution of the United States has been consistently held to inhibit only state action and offers no recourse against merely private conduct, no matter how discriminatory or repugnant to public notions of wrongfulness.[1] So long as the objectives of these types of agreements are effectuated by voluntary adherence to their terms, it is clear that no action by the state would be involved, and therefore no constitutionally protected rights can be said to have been violated.
State action is, however, a broad concept and the actions of state courts and of judicial *1089 officers performing in their official capacities have long been regarded as state action.[2] When the appellee as plaintiff below sought to invoke the powers of the trial court to compel a reconveyance of the interest of Norman Franklin in the condominium apartment to his brother, it invoked the sovereign powers of the state to legitimize the restrictive covenant at issue. This court therefore owed a duty to carefully scrutinize that covenant with a view toward forbidding its enforcement should it fail to pass constitutional muster.
In our original opinion rendered in this matter[3] we chose to concern ourselves with an examination of the constitutional rights of appellants as parents rather than to focus on the rights of appellants' children to be free of discrimination due to their age. The question presented was whether the recognized constitutional right of privacy[4] protects a family from losing its interest in property solely because children under the age of twelve reside with their parents. In view of the unique position of homage which the family unit enjoys in our society[5] and with regard to the panoply of rights associated with family life,[6] we determined that the right of privacy grants to the family protection from unreasonable restrictions on the use of a residence.
We express particular concern for the intrusion which a restrictive covenant such as that at issue has on the decision to beget and bear children. The right to be free of unwarranted interference with the decision to have children has been identified on numerous occasions by the United States Supreme Court as one of the matters protected by the right of privacy.[7] Recent decisions[8] by that court make it clear that the Constitution will not permit any undue burden being placed on the decision to bear a child. There can be little doubt that the restrictive covenant forbidding occupancy of condominium premises by families with young children amounts to a substantial interference with the choice to beget and bear children. The fear of being compelled by the courts of this state through the operation of this covenant to sell or relocate a family domicile merely because a couple may choose to have children is a burden which neither the Constitution nor this court will condone.
We pause to note that other fundamental interests which fall within the penumbra of constitutional protection may also be infringed to varying degrees by the restrictive covenant under consideration: the interest which supports free and open travel among the states;[9] the interest which parents have in being able to supervise their children's education[10] and enjoy *1090 their companionship;[11] the interest concerning family living arrangements.[12] In our society the family unit is swathed in the protection of the Constitution, and any substantial interference directly affecting the family must be supported by a countervailing and superior interest.[13]
Appellee-condominium association offers as its only justification in support of this restriction on residency of apartments by families with children under twelve years of age the fact that young children "are noisy, distracting and frequently an imposition upon our neighbors." Although peace and quiet in living accommodations is an admirable objective, we do not believe that this interest is sufficiently important to justify divestiture of one's interest in property.
Appellee argues that all buyers of condominium apartments have voluntarily consented to the imposition of these limitations upon their rights. We emphasize that we have here a willing seller and a willing buyer, and a contract of sale which was properly consummated. It is clear that but for the intervention of the courts, appellants would be free to occupy the property in question without restraint.
Appellee asks us to review the cases of Riley v. Stoves, 22 Ariz. App. 223, 526 P.2d 747 (1974), and Coquina Club, Inc. v. Mantz, 342 So.2d 112 (Fla. 2d DCA 1977). In Riley, the Court of Appeals of Arizona upheld against constitutional attack a restriction which limited residency of a portion of a mobile home development to persons twenty-one years of age or older. To the extent that the Arizona Court of Appeals determined that restricting residency by children to reduce distractions and disturbances is reasonable in light of the significant interference with the traditional family, we must disagree. To the extent that peace and quiet in a neighborhood is a legitimate objective, restricting occupancy by families with children imposes a burden on the exercise of constitutionally protected rights which is entirely disproportionate to the slight benefit received.
In Coquina Club, the Court of Appeal for the Second District of Florida discussed the existence of condominium use restrictions based on age. However, the court admitted that the validity of use and occupancy restrictions was only a "subsidiary question" and was not "dispositive of the primary issue." The court acknowledged that age restrictions in at least one other jurisdiction "have even withstood constitutional attacks," and cited the Riley case discussed above. The court also noted that "reasonable" restrictions concerning the use and occupancy are permitted by statute. However, the decision in Riley did not address itself to whether such restrictions were reasonable as we have done here today, and therefore it is clear that Coquina Club is not in conflict with the views expressed herein.
Finally, appellee re-asserts that the transfer of ownership to Norman Franklin must be voided because it is in violation of a second restrictive covenant which limits use of condominium apartments to "single family" occupancy. In response, we again refer appellee to the decision of the United States Supreme Court in Moore v. City of East Cleveland, supra n. 5, for a constitutionally accepted definition of "single family."
We are cognizant of the great interest which our former opinion in this action has created. We are also aware that restrictive covenants, such as those at issue today, are commonplace among condominium associations in Florida. We believe that the conflicting interests between those who would live with children and those who desire to live apart from families with children are amenable to resolution. Constitutional rights, even those characterized as fundamental, are not absolute. Occasionally, the exercise of a protected right must *1091 give way when the public interest is sufficiently compelling to justify the infringement of personal liberties. Several courts have already recognized that senior members of our society possess significant interests which are deserving of special consideration.[14] The proper balancing of the competing interests highlighted in this case cannot, however, be achieved through court enforcement of the restrictive covenants.
Accordingly, the petition for rehearing is denied.
KOVACHEVICH, ELIZABETH A., Associate Judge, concurs.
LETTS, J., dissents, with opinion.
LETTS, Judge,[1] dissenting:
I would grant the rehearing.
The majority decision establishes a unique and unfortunate precedent in holding that the Equal Protection Clause of the Fourteenth Amendment applies to age restrictions in an environment created for senior adults.
There are countless examples of apparently valid and enforced age restrictions which run the gamut from the required 3 years of age for Kentucky Derby entrants, all the way to the necessary 35 years that any aspirant to the Presidency must have attained under the Constitution itself. Art. II, § 1, U.S.Const. Judge Kovachevich finds it difficult to comprehend the "... change that occurs on a child's twelfth birthday which suddenly renders him fit to live in a condominium." Maybe so, but from whence the magic of a 35th birthday which suddenly renders a person fit to live in the White House, even though one can serve as a U.S. Senator for 5 years before that? (and why 30 years of age for the Senate?) The answer is that, "between night and day, childhood and maturity, or any other extremes ... a line has to be drawn [somewhere]", Riley v. Stoves, 22 Ariz. App. 223, 526 P.2d 747, 68 A.L.R.3d 1229 (1974).
The Federal Courts have held repeatedly that age by itself is not a suspect classification even where actual State action results in the mandatory retirement of policemen at age 50 [see Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed. 520 (1976)]. This being so, it has to follow that an age restriction emanating from private contract would be even less suspect  provided it has a rational basis. True, it can be argued that enforcement of an age restriction by the courts, constitutes State action; however, I agree with the Arizona Court of Appeals that such an argument is "unrealistic" here. Riley v. Stoves, supra. In other words, is the line that has been drawn, reasonable?
Adapting this rational basis test to age discrimination, I do not find a restriction barring the RESIDENCY of children under 12 to be unreasonable, for example, in an elderly retirement community or condominium. Nature itself biologically provides that only younger adults can procreate. It is axiomatic that catabolism in the old results in physical and mental frailties which render them not only incapable of reproduction, but also incompetent to withstand the rough, tumble and noise of rampaging youngsters  inevitable accompaniments to the normal rearing of young children. For this very reason, kids are commonly barred from hospitals. Sick people need peace and quiet and so do old people who lose their erstwhile resilience to turmoil and commotion. Indeed, tranquility is a must for the mental health of older people and I would allow them to have it. So would the only other two Florida decisions that have so far touched on the question. This very court in *1092 Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975) said, in an opinion written by Judge Downey:
"It appears to us that inherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with the private ownership of property. It provides, for example, that no sale may be effectuated without approval; NO MINORS MAY BE PERMANENT RESIDENTS; no pets are allowed." (emphasis, supplied) at page 181.
Likewise the Second District has suggested that age restrictions are not unreasonable and perhaps even enforceable by Statute under Section 718.104(5), Fla. Stat. (1977)[2]Coquina Club, Inc. v. Mantz, 342 So.2d 112 (Fla. 2d DCA 1977).
The majority opinion believes that age restrictions run afoul of fundamental rights such as marriage and procreation. These are "motherhood and the flag" proclamations and the cases cited in support simply do not relate these unassailable fundamentals to an age restriction. Certainly this particular age restriction does not deny the right of any adult owner to take a bride and continue to live in his condominium apartment. Nor does it deny him the right to procreate; he simply has to move when the child is born. This is comparable, in principle, to a couple with three kids having to move to a bigger house upon the arrival of the fourth, because the existing living quarters are bursting at the seams and the zoning will not permit the addition of another room.
There is a case noted by Judge Cross, which did hold that a zoning ordinance, which had the effect of keeping children out of the municipality, violated the Equal Protection Clause. See Molino v. Mayor and Council of Bor. of Glassboro, 116 N.J. Super. 195, 281 A.2d 401 (1971). However, the facts of that case reveal an acute shortage of any living units in the area where children could be housed. No such shortage is demonstrated in the case at bar. Moreover, the Molino case did involve state action and all can agree that zoning is ever subject to change in the interests of the general public good. This is a far cry from a private restriction in a declaration of condominium.
The foregoing paragraphs say little about Judge Cross' contribution in defense of the original opinion which defense is much harder to argue with because it covers the constitutional waterfront with blue chip citations. To me, his most telling sentence is where he expresses "the fear of being compelled by the courts of this State through the operation of this covenant to sell or relocate a family domicile merely because a couple may choose to have children . ." In reply, I would say first, that under the facts of this case, the couple had already had the children BEFORE the purchase, so the argument is not pertinent to the case at bar. There remains, however, the on-going problem of a young couple who have no children when they purchase a condominium, but a child later appears. Such a situation requires a much stricter scrutiny, and I am troubled by it. Nonetheless, I believe that this age restriction still passes the test and I fall back on Judge Downey's language relative to condominium living, already quoted from the Hidden Harbour Estates case, supra. All young couples buying *1093 living units can foresee the possibility of children and this restriction has not "snuck" up on them, for they well knew of it prior to purchase or conception. The choice was theirs.
In conclusion, I am also not in agreement with much of the reasoning behind the disposition of the other points on appeal, although estoppel could be a factor in this particular case. However, my dissent is already too wordy and I only agonize this long in the hopes that I facilitate higher appellate review of the majority's Equal Protection argument.
NOTES
[1] Shelley v. Kreamer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). See also United States v. Harris, 106 U.S. 629, 1 S.Ct. 601, 27 L.Ed. 290 (1883).
[2] Shelley v. Kreamer, id.
[3] Franklin v. White Egret Condominium, Inc., 358 So.2d 1084 (Fla. 4th DCA Opinion issued August 9, 1977).
[4] See, e.g., Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Griswold v. State of Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).
[5] See Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (slip opinion issued April 26, 1977); Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977).
[6] See Moore v. City of East Cleveland, id.; Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); Prince v. Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923).
[7] E.g., Griswold v. State of Connecticut, supra n. 4; Roe v. Wade, supra n. 4.
[8] Carey v. Population Services International, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977); Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).
[9] Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966).
[10] Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Prince v. Commonwealth of Massachusetts, supra n. 6; Pierce v. Society of Sisters, supra n. 6; see also Meyer v. Nebraska, supra n. 6.
[11] Stanley v. Illinois, supra n. 6; Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949) (Frankfurter, J., concurring).
[12] Moore v. City of East Cleveland, supra n. 5.
[13] Moore v. City of East Cleveland, id.; Roe v. Wade, supra n. 4; Taxpayers' Association of Weymouth Township, Inc. v. Weymouth Township, 71 N.J. 249, 364 A.2d 1016 (1976).
[14] See Shepard v. Woodland Tp. Com. & Plan. Bd., 71 N.J. 230, 364 A.2d 1005 (1976); Maldini v. Ambro, 36 N.Y.2d 481, 369 N.Y.S. 385, 330 N.E.2d 403 (1975); Taxpayers' Association of Weymouth Township, Inc. v. Weymouth Township, supra n. 13. But see Molino v. Mayor and Council of Bor. of Glassboro, 116 N.J. Super. 195, 281 A.2d 401 (1971).
[1] By the time the petition for rehearing was filed subsequent to the issuance of the original opinion, Judge Mager had resigned from the bench to resume the practice of law. Judge Letts took his place on the panel for the purpose of said petition.
[2] Said section of the statute reads in part as follows:

The declaration may include covenants and restrictions concerning the use, occupancy and transfer of the units permitted by law with reference to real property.