ROY G. BREELING ET AL., APPELLEES AND CROSS-APPELLANTS, V. CLAUDIA G. HANSEN CHURCHILL, APPELLANT AND CROSS-APPELLEE.

423 N.W.2d 469

Filed May 20, 1988.    No. 86-671.

Paul R. Stultz of Martin & Martin, for appellant.

Julie A. Frank of Pollak & Frank, for appellees.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

CHEUVRONT, D.J.

Claudia G. Hansen Churchill appeals from an order granting an injunction and requiring her to remove a satellite dish from her property.

The satellite dish was installed in the rear yard of a residence, located in the Piedmont Subdivision, Douglas County, Nebraska, which was purchased by Churchill in April of 1984. The satellite dish consists of a plate or dish that is 9 to 10 feet in diameter, with a small cone in the center. The property in Piedmont is subject to restrictive covenants that were filed of record on August 22, 1972. Paragraph 14 of these covenants provides:

> Outside Antennas Prohibited. No outside radio, television, Ham broadcasting, or other electronic antenna or aerial shall be erected or placed on any structure or on any lot. If used, any such antenna or aerial shall be placed in the attic of the house or in any other place in the house where it will be concealed from public view from any side of the house.

Subsequently, a number of homeowners in the Piedmont Subdivision filed this action, asking that Churchill be required to remove the satellite dish. Following trial, the district court found that paragraph 14 of the restrictive covenants applied to the satellite dish and ordered Churchill to remove it within 30 days.

In her first and second assignments of error, Churchill contends that the district court's findings that the prohibition of antennas in the protective covenants applied to satellite dishes and that a satellite dish is an antenna for the purpose of these covenants are contrary to the evidence and the law.

The testimony and other evidence at trial established that satellite dishes were not in use in the early 1970s, when the covenants were drafted. One of the developers of Piedmont who participated in preparing the covenants testified that it was the developers' intention to prohibit all outside unsightly antennas, including new or different types.

In *Lund v. Orr*, 181 Neb. 361, 363, 148 N.W.2d 309, 310-11 (1967), we said:

> A restrictive covenant is to be construed in connection with the surrounding circumstances, which the parties are supposed to have had in mind at the time they made it; the location and character of the entire tract of land; the purpose of the restriction; whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers; and whether it was in pursuance of a general building plan for the development of the property.

The restrictive covenants of Piedmont, read as a whole, not only specifically prohibit all outdoor antennas, they evidence a broad concern for aesthetics and prohibit many uses of the property within the subdivision which would detract from the appearance of the area as a whole. It is clear that in light of the surrounding circumstances, the character of the entire area, and the purposes of the restrictions, it was intended that structures such as a satellite dish were not to be permitted. We find that the restriction prohibiting all "outside radio, television, Ham broadcasting, or other electronic antenna or aerial" includes a satellite dish.

Churchill next alleges that the district court erred in determining that there was irreparable harm. However, where there has been a breach of a restrictive covenant, it is not necessary to prove that the injury will be irreparable. *Wessel v. Hillsdale Estates, Inc.*, 200 Neb. 792, 266 N.W.2d 62 (1978). In *Pool v. Denbeck*, 196 Neb. 27, 241 N.W.2d 503 (1976), we said: "Injunction is an appropriate remedy for breach of restrictive covenants, a remedy at law being inadequate and leading to a multiplicity of actions and the subversion of the plan of development protected by such covenants." (Syllabus of the court.)

Finally, Churchill argues that the Federal Communications Commission has preempted the protective covenants by a rule adopted February 14, 1986, at F.C.C. docket 85-87, 47 C.F.R. § 25.104 (1987). However, this rule only applies to local zoning or other regulations that treat satellite dishes differently from other antennas. Even if such rule applied, the treatment here is

not different, but the same. Churchill's claim that the enforcement of this covenant abridges her first amendment right of freedom of speech is without merit.

The appellees have assigned as error the district court's order vacating and setting aside a default judgment against Churchill originally granted in this matter. In light of our decision, we do not address this issue.

The district court was correct in finding that the restrictive covenant prohibited the erection of a satellite dish, and in granting the permanent injunction. The judgment of the trial court is affirmed.

AFFIRMED.