## STONE HILL COMMUNITY ASSOCIATION,
### Appellee,
### v.
## Kenneth L. NORPEL and Mary Alice Norpel, Appellants.

### No. 91–1856.

Supreme Court of Iowa.

Nov. 25, 1992.

Rehearing Denied Dec. 23, 1992.

James H. Reynolds, Dubuque, for appellants.

Chad D. Cox of Reynolds & Kenline, Dubuque, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Kenneth and Mary Norpel appeal from a judgment of the district court that granted a permanent injunction against their further use of a thirty-five-foot flagpole attached to the roof of their home. The district court found that the restrictive covenants that run with the land prevent such an exterior erection without the prior approval of the architectural committee of the Stone Hill Community Association. On appeal, the Norpels argue that under the First Amendment, the association cannot prevent them from displaying the American flag. We affirm.

We review this equity action de novo. *Dental Prosthetic Servs. v. Hurst*, 463 N.W.2d 36, 37 (Iowa 1990). The Stone Hill Community Association is a nonprofit corporation formed for the purpose of providing for the development, maintenance, preservation, and architectural control of the Stone Hill subdivision No. 1 in Dubuque, Iowa. On October 28, 1976, the association, which then owned the real estate, published certain restrictive covenants that precluded the erection of any building, fence, exterior wall, or other exterior structure on the property without the prior approval by the architectural committee of the association. Kenneth and Mary Norpel purchased a home within the subdivision on August 8, 1988.

In 1990, Kenneth Norpel erected a thirty-five-foot metal ham radio antenna upon the roof of his home in the subdivision. When members of the association began to complain, Norpel flew an American flag at half mast from the antenna and disconnected it from its radio contact. Norpel sought permission to continue using his "flag pole" but the association denied his request. Norpel removed the pole and left for his extended stay in Arizona from October 1990 to April 1991.

Upon the Norpels' return from Arizona, Kenneth erected a thirty-five-foot PVC plastic pipe on his roof secured by nylon guy wires. He did this without seeking prior approval from the association's architectural committee. As a means of protest, he placed some coat wire on the top of the pipe to make it appear as an antenna. Again, he flew the American flag from the pipe. When the Norpels refused to take

down their pole, the association filed this action seeking a permanent injunction and damages.

At the hearing for permanent injunction, Norpel argued that as a World War II combat veteran his display of the American flag was a constitutionally protected right. The district court, however, reasoned that the issue in this case is not the flag, but the thirty-five-foot pole attached to the exterior of the Norpels' roof. The court determined that restrictive covenants are recognized under Iowa law and that they exist to protect future owners in the subdivision as well as those currently living there. The court thus ordered the Norpels to take down the flagpole within sixty days and refrain from erecting further structures. The Norpels have appealed.

The district court is correct in its analysis that restrictive covenants, such as the one applicable in this case, are recognized under Iowa law and exist to protect existing and future property owners in a subdivision by placing certain restrictions on the land so that lot owners use their lots in conformity with those restrictions. *See Compiano v. Kuntz,* 226 N.W.2d 245, 248–49 (Iowa 1975); *United Properties, Inc. v. Walsmith,* 312 N.W.2d 66, 71 (Iowa App. 1981). The Norpels complain that these restrictions may not interfere with their First Amendment rights to display the American flag. We find their contention to be without merit. *See Breeling v. Churchill,* 423 N.W.2d 469, 470–71 (Neb.1988). There is nothing in the record to indicate that the restrictive covenants in question prohibit the flying of the flag. By buying their property, the Norpels agreed to abide by the restrictive covenants that came with it. They waived the right to erect a structure upon which to fly their flag.

AFFIRMED.