655 So.2d 144 (1995)
Ken LATERA and Marie Latera, Appellants,
v.
The ISLE AT MISSION BAY HOMEOWNERS ASSOCIATION, INC., a Not-for-Profit Corporation, Appellee.
No. 93-2952.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
Motion for Rehearing, Rehearing and Certification Denied June 23, 1995.
Genie H. Deringer of Genie H. Deringer, P.A., Boca Raton, for appellants.
Joel L. Roth of Hershman & Roth, Boca Raton, for appellee.
Lauritz Sande Helland, Lynnwood, Washington, for amicus curiae-American Satellite Television Alliance.
Motion for Rehearing, Rehearing En Banc and Certification Denied June 23, 1995.
KLEIN, Judge.
This is an appeal from a final summary judgment, which ordered appellants to remove a satellite dish from their property and permanently enjoined them from violating a restrictive covenant of their homeowner's association. We affirm the summary judgment, and address the issues of (1) whether a *145 satellite dish is an "antenna" within the meaning of the covenant and (2) whether a restriction against the installation of satellite dishes violates the First Amendment.
Appellants are the owners of a lot in a single family residential community, which is one of many communities that are all under the control of a large, planned development corporation. The development corporation and the homeowners in appellants' community each maintain a separate set of restrictive covenants.
With the approval of the development corporation, but without the permission of their homeowner's association, appellants installed a satellite dish in the back of their lot. Upon noticing the dish, the homeowner's association sent several letters to appellants, demanding that they remove the dish, and citing the following restrictive covenant that governs the community:
No television or other outdoor antenna system or facility shall be erected or maintained on any Lot.
After appellants refused to remove their dish, the homeowner's association sought an injunction to enforce the covenant, and moved for summary judgment, contending that a satellite dish is an "antenna" within the meaning of the restriction. In response, appellants raised as an affirmative defense that their satellite dish falls outside of the restriction, because the covenant only refers to antennas, which are capable of either receiving or transmitting electromagnetic waves, and not to satellite dishes, which are only capable of receiving microwaves. Appellant also raised the affirmative defense that the enforcement of a covenant against satellite dishes violates First Amendment rights to privacy and free access to information. Agreeing with the homeowner's association, the trial court granted summary judgment and entered an order requiring appellants to remove their dish. Appellants seek a reversal of that order.
We conclude that appellants' distinction between satellite dishes and antennas, while perhaps scientifically valid, is a distinction without a difference for our purposes, and find support for our conclusion in the decisions of other jurisdictions that have interpreted similar covenants. In Breeling v. Churchill, 228 Neb. 596, 423 N.W.2d 469, 470 (1988), the Nebraska Supreme Court held that a satellite dish was included within the scope of a covenant prohibiting the installation of "other electronic antenna" on the lots in a residential community, stating:
The restrictive covenants ... read as a whole, not only specifically prohibit all outdoor antenna, they evidence a broad concern for aesthetics and prohibit many uses of the property within the subdivision which would detract from the appearance of the area as a whole. It is clear that in light of the surrounding circumstances, the character of the entire area, and purposes of the restrictions, it was intended that structures such as a satellite dish were not to be permitted.
See also DeNina v. Bammel Forest Civic Club, Inc., 712 S.W.2d 195, 198 (Tex.Civ.App. 1986); Gunnels v. North Woodland Hills Community Ass'n, 563 S.W.2d 334, 338 (Tex. Civ.App. 1978).
In the present case, as did the court in Breeling, we conclude that the language of the covenant includes a satellite dish within its ambit. The restriction plainly states that no television or "other outdoor antenna system" shall be erected on any lot. It makes no difference that a satellite dish is capable of receiving a type of signal that a standard antenna cannot.
Appellants next assert that a restriction against the installation of satellite dishes violates the First Amendment, citing Gerber v. Longboat Harbour North Condominium Inc., 724 F. Supp. 884, 886 (M.D.Fla. 1989), which involved a covenant prohibiting "free speech," and Franklin v. White Egret Condominium, Inc., 358 So.2d 1084, 1088 (Fla. 4th DCA 1977), which involved a restriction violating the "right to marry and procreate."
We find Gerber and Franklin distinguishable, since both of those cases involved the violation of constitutional rights that have been previously designated by the United States Supreme Court as "fundamental" rights that are guaranteed by the Fourteenth Amendment, through which the First *146 Amendment is made applicable to the states. See Burson v. Freeman, 504 U.S. 191, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992) (discussing the right to free speech); Zablocki v. Redhail, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978) (discussing the right to marry); and, Skinner v. Oklahoma, ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) (discussing the right to procreate).
Unlike the right to free speech, which was abridged by the covenant in Gerber, or the right to marry and procreate, which was violated by the restriction in Franklin, the right to install a satellite dish has not been recognized as a "fundamental" right. As the Supreme Court has consistently held, a policy which does not affect a fundamental right is accorded a "strong presumption of validity," and such policy must be upheld against a constitutional challenge "if there is any reasonably conceivable state of facts that could provide a rational basis" for such a policy. Heller v. Doe, ___ U.S. ___, ___, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993). We therefore reject the First Amendment argument.
We have considered the remaining issues and find them to be without merit.
Affirmed.
WARNER and SHAHOOD, JJ., concur.