# IN THE COURT OF APPEALS OF IOWA

No. 15-1675
Filed May 11, 2016

**BEAVER CREEK FOURTH ADDITION**
**HOMEOWNERS ASSOCIATION, INC.,**
**d/b/a BEAVER HOLLOW HOMEOWNERS**
**ASSOCIATION, INC.,**
        Plaintiff-Appellee,

**vs.**

**ARTHUR JOHN VANDER ZEE and**
**JENNIFER VANDER ZEE,**
        Defendants-Appellants.

_____

        Appeal from the Iowa District Court for Linn County, Mitchell E. Turner and

Ian K. Thornhill, Judges.


        Arthur John and Jennifer Vander Zee appeal the district court's grant of

summary judgment to Beaver Creek Fourth Addition Homeowners Association,

Inc. **AFFIRMED.**


        Arthur John Vander Zee, Cedar Rapids, appellant pro se.

        Jennifer Vander Zee, Cedar Rapids, appellant pro se.

        Matthew J. Nagle and Steven C. Leidinger of Lynch Dallas, P.C., Cedar

Rapids, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Arthur John and Jennifer Vander Zee (the Vander Zees) appeal the district court's grant of summary judgment to Beaver Creek Fourth Addition Homeowners Association, Inc. (the Association), claiming the 1989 declaration concerning their property was not subject to extension or renewal by amendment, the district court improperly interpreted and applied the amendment provisions of the 1989 declaration, the Iowa Homestead Act invalidates the amended declaration, and the amended declaration does not satisfy the requirements of a verified claim. They also request court costs and attorney fees. We affirm the district court's grant of summary judgment.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In May 2004, the Vander Zees purchased residential property in the Beaver Creek Fourth Addition in Linn County. The property was subject to a "Declaration of Conditions, Covenants, Restrictions, Reservations, Grants and Easements" (1989 declaration) filed in 1989 by Oakwoods Development of Linn County, Inc. (the Developer). The relevant portions of the declaration provided, in part:

ARTICLE IV
General Restrictions
    . . . .
9.      Home Occupations, Nuisances and Livestock:
    The use of any open carport, driveway or parking area which may be in front of, adjacent to, or part of any lot as a parking place for recreational or commercial vehicles or articles is prohibited. All "commercial vehicles" (automobiles, station wagons, trucks, trailers, etc.), "recreational vehicles" or "articles" shall be stored inside the garages at all times.
ARTICLE V
General Provisions

1.    Each of the Covenants set forth in this Declaration shall continue and be binding as set forth in Paragraph 2 of this Article V for an initial period of twenty-one years (21) years from the date of recording of this Declaration.

2.    The Covenants herein set forth shall run with the land and bind Oakwoods, its successors, grantees and assigns, and all other parties claiming by, through or under them. . . .

3.    The record owners in a fee simple of the real property described in Article I may revoke, modify, amend or supplement in whole or in part any or all of the Covenants and conditions contained in this Declaration and may release the real property subject thereto, but only at the following time and in the following manner:

(a)    Any such change or changes may be made effective at any time from the date of recording of this Declaration if the record owners in a fee simple of at least three fourths of said lots consent thereto;

(b)    Any such change or changes may be made effective during the last five (5) years of the initial term of this Declaration of the record owners in fee simple of at least two-thirds of said lots consent thereto during the five (5) years prior to the end of such term;

(c)    Any such consents shall be effective only if expressed in a written instrument or instruments executed and acknowledged by each of the consenting owners and recorded in the Office of the Recorder, Linn County, Iowa. . . . Upon and after the effective date of any such change or changes, it or they shall be binding upon all persons, firms and corporations then owning property described in Article I and shall run with the land and bind all persons claiming by, through or under any one or more of them.

In May 2009, the Association claimed two-thirds of the record owners (pursuant to Article V, section 3(b) above) consented to a modification, amendment, and supplementation of the 1989 declaration, which was subsequently filed with the Linn County Recorder. The amended declaration extended the Article V, section 1 timeline for another twenty-one years: "Each of the Covenants set forth in this Declaration shall continue and be binding as set forth in Paragraph 2 of this Article for a period of twenty one (21) years from the

date of recording of this First Amended and substituted Declaration." Article IX was amended to state:

> The President of the Association is authorized to file this Declaration upon the consenting vote of 2/3rds of the Association voting lot members. Consent may be evidence by signing below at, or following the Association Meeting wherein adoption of this Declaration is on the meeting agenda. These covenants supersede and replace the covenants of OAKWOOD DEVELOPMENT OF LINN COUNTY, Inc. filed of record in the office of the Linn County, Iowa Recorder on February 10, 1998 [sic] in Vol. 2056, Page 371.

The President of the Association's signature appears at the end of the amended declaration with the statement, "IN WITNESS WHEREOF; the Beaver Creek Fourth Addition Home Owners Association voting members by 2/3rds vote has caused this instrument to be executed by its President on the 21st day of May, 2009." Following the president's signature are the notarized signatures of co-owners of fourteen lots (each lot was co-owned by two individuals) swearing to the fact the amended declarations were consented to "by authority of not less than 2/3rds of the Subdivision Lot Owners."

The Vander Zees purchased their Beaver Creek Fourth Addition lot pursuant to a warranty deed that provided the property was subject to easements, restrictions, covenants, and conditions of record. On May 28, 2008, the Vander Zees requested a variance from the covenants in the declaration to allow them to park their boat and boat trailer on their lot and to build a privacy fence. The Association denied the request. Subsequently, the Association claimed the Vander Zees parked a boat, boat trailer, and a motorhome in their driveway. They also erected a privacy fence. The Association requested the

Vander Zees stop parking the vehicles on the lot as it violated the covenants. The Vander Zees refused the Association's requests.

On August 5, 2015, the Vander Zees filed a motion of defective covenants with the Linn County Recorder claiming their lot was not subject to the covenants set out in the amended declaration. On September 5, the Association filed a petition for declaratory judgment and injunctive relief seeking a determination the amended declaration was valid and barred the Vander Zees from parking the vehicles on their lot, a permanent injunction from parking any boat, boat trailer, or motorhome on the lot as long as the amended declaration was in effect, and an order compelling the Vander Zees to retract their notice of defective covenants. On September 26, the Vander Zees filed an answer denying the Associations claims, and a counterclaim claiming (pursuant to Iowa Code section 614.24 (2013)) the 1989 declaration expired on February 10, 2011, and the amended declaration was not extended. They requested the court find the amended declaration invalid and unenforceable. The Association filed a reply and motion to dismiss the Vander Zees' counterclaim.

On November 20, the Association filed a motion for summary judgment claiming the amended declaration constituted a duly adopted amendment and verified claim to the 1989 declaration pursuant to Iowa Code section 614.24. The Vander Zees filed a resistance and their own motion for summary judgment, claiming: the Association could not extend the covenants and conditions in the 1989 declaration past twenty-one years as it was barred by Iowa Code section 614.24 and the language of the 1989 declaration, a sufficient amount of lot owners had not agreed to the amendment, the language concerning amending

the declaration did not apply to the twenty-one year limitation, even if the Association could amend the declaration it was barred by Iowa Code section 614.24, the Associations purpose of filing the amended declaration was to supersede and replace the 1989 declaration and not to extend its use restrictions. Additionally, the Vander Zees claimed the amended declaration was void pursuant to article V(3)(b) of the 1989 declaration and the amended declaration failed to establish the elements necessary to constitute a verified claim pursuant to Iowa Code section 614.24.

On February 16, 2015, the district court held a hearing on the motions for summary judgment and entered a ruling on March 19. The court denied both parties' motions for summary judgment. The court found:

> The Court finds that the use of the language "initial period of twenty-one (21) years" in Article V, Paragraph 1 of the 1989 Declaration presupposes that there may be subsequent periods and, therefore, indicates that the record owners could extend the covenants and conditions beyond the initial twenty-one year period. Moreover, the Court interprets Article V, Paragraph 3(b) of the 1989 Declaration, based on the plain language set forth therein, to allow for the amendment or modification of the initial twenty-one year period, which could include an extension of this period.
> However, though the parties at the hearing indicated that the facts were undisputed such that they were each entitled to summary judgment on their respective motions, the Court finds that there are genuine issues of material fact in dispute including, but not limited to, whether the proper procedure was used in approving the Amended Declaration. For instance, the Vander Zees argue that the record owners in fee simple of two-thirds of the lots did not approve in writing the extension beyond the initial twenty-one years, because the Amended Declaration was signed by only one of the record owners of a lot, even when there was more than one record owner of the lot. The Association asserts that owners representing no less than two-thirds of such lots provided their written consent and that the Vander Zees have not presented any evidence that the owners who executed the Amended Declaration did so against the will of their respective co-owners. . . .

Article V, Paragraph 3(b)-(c) of the 1989 Declaration requires the record owners in fee simple of two-thirds of the lots to approve a modification, amendment, or supplementation to covenants and restrictions and requires that the consents shall be expressed in a written instrument executed and acknowledged by each of the consent owners. The Court finds that though at least one record owner of two-thirds of the lots signed the Amended Declaration, there is a disputed issue of whether all the records owners in fee simple of two-thirds of the lots consented thereto.

. . . .

The Court finds, however, that if the co-owners, who signed the written instrument, did have the consent or authority of their other record co-owners of the lots, then the one co-owner's written consent may be sufficient to express the consent of both co-owners of the lot, particularly since the requirement is not for two-thirds of the records owners to consent but rather is for the record owners of two-thirds of said lots to consent.

On July 21, the Association filed a renewed motion for summary judgment, with attached affidavits establishing that each of the record owners who signed the amended declaration had the consent or authority of the record co-owners of their respective lots. The Vander Zees resisted, claiming the affidavits were insufficient to prove consent.

On September 18, the court entered a ruling granting the Association's motion, finding "The Association, by filing the non-signatory co-owners' affidavits, has cured the purported procedural deficiency that barred entry of summary judgment on the previous occasion. The Vander Zees have not proposed any binding legal authority that invalidates the co-owners' consent of the Amended Declaration through submission of affidavits." The Vander Zees then filed a motion to enlarge the court's ruling. The court denied the motion and determined the provisions of the amended declaration were valid and enforceable and barred the Vander Zees from parking their vehicles on the lot, the court also entered an order enjoining the Vander Zees from parking their vehicles on the lot from the

date of the order for as long as the amended declaration remained in effect. The Vander Zees now appeal.

## II.     STANDARD OF REVIEW

We review rulings on motions for summary judgment for the correction of errors at law. *City of Cedar Rapids v. James Props., Inc.*, 701 N.W.2d 673, 675 (Iowa 2005). "Summary judgment is appropriate only when the entire record demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). A genuine issue of material fact exists if reasonable minds can differ on how an issue should be resolved. *Seneca Waste Sols., Inc. v. Sheaffer Mfg. Co.*, 791 N.W.2d 407, 411 (Iowa 2010). We examine the record in the light most favorable to the nonmoving party and draw all legitimate inferences the evidence bears in order to establish the existence of questions of fact. *Mason v. Vision Iowa Bd.*, 700 N.W.2d 349, 353 (Iowa 2005). "A party resisting a motion for summary judgment cannot rely on the mere assertions in [its] pleadings but must come forward with evidence to demonstrate that a genuine issue of fact is presented." *Stevens*, 728 N.W.2d at 827.

## III.     MERITS

### A.     Extension of the 1989 Declaration

The Vander Zees claim no language or mechanism in the 1989 declaration allows a future extension, and if an extension were allowed then the 1989 language is ambiguous. The Vander Zees claim, in order to extend the 1989 declaration, express language should have been included in the 1989 declaration validating a future extension. At best, they claim, the term "initial" is

ambiguous and should be construed against the Association as the drafter of the 1989 declaration. In finding the 1989 declaration allowed for an extension, the district court reasoned in its first summary judgment ruling:

> The Court finds that the use of the language "initial period of twenty-one (21) years" in Article V, Paragraph 1 of the 1989 Declaration presupposes that there may be subsequent periods and, therefore, indicates that the record owners could extend the covenants and conditions beyond the initial twenty-one year period. Moreover, the Court interprets Article V, Paragraph 3(b) of the 1989 Declaration, based on the plain language set forth therein, to allow for the amendment or modification of the initial twenty-one year period, which could include an extension of this period.

Whether the extension of the covenants in the 1989 declaration was permissible hinges on the interpretation of the term "initial period" in Article V(1). "Restrictive covenants are contracts." *Fjords N., Inc. v. Hahn*, 710 N.W.2d 731, 735 (Iowa 2006). Determining the intent of the parties at the time they executed the agreement is the primary goal of contract interpretation. *Walsh v. Nelson*, 622 N.W.2d 499, 503 (Iowa 2001). The words of the contract are the most important evidence of the parties' intentions. *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 436 (Iowa 2008); *see* Iowa R. App. P. 6.903(3)(n) ("[T]he intent of the parties must control, and except in cases of ambiguity, this is determined by what the contract itself says."). The Iowa Supreme Court has provided a two-step analysis for interpreting a contract:

> First, from the words chosen, a court must determine what meanings are reasonably possible. In so doing, the court determines whether a disputed term is ambiguous. A term is not ambiguous merely because the parties disagree about its meaning. A term is ambiguous if, after all pertinent rules of interpretation have been considered, a genuine uncertainty exists concerning which of two reasonable interpretations is proper.
> Once an ambiguity is identified, the court must then choose among possible meanings.

*Walsh*, 622 N.W.2d at 503 (citations and internal quotation marks omitted).

Here, the reasonable definition (given the context) of "initial," is: "of or relating to the beginning," "marking the commencement," "incipient, first." *Webster's Third New Int'l Dictionary* 1163 (2002). The term "period" is defined as "a portion of time determined by some recurring phenomenon," "a division of time in which something is completed and ready to commence and go on in the same order." *Id.* at 1680. When placed together, the term "initial period" is reasonably interpreted to mean the beginning or start of a portion or division of time that will eventually end and begin again. We find this term unambiguously allows the Association the right to extend or amend the covenants in the 1989 declaration. We find the district court did not err in its interpretation.

## B.     Application of the Amended Provisions

The Vander Zees claim the district court erred in applying the amended provisions because it did not follow the provisions of the 1989 declaration as half of the owners failed to sign and execute the deed, and the court erred by accepting the signed affidavits after the twenty-one year deadline.

In its ruling on the renewed motions for summary judgment, the court reasoned:

> The Association, by filing the non-signatory co-owners' affidavits, has cured the purported procedural deficiency that barred entry of summary judgment on the previous occasion. The Vander Zees have not proposed any binding legal authority that invalidates the co-owners' consent of the Amended Declaration through submission of affidavits. The Court's March 19, 2015 ruling concluded that if the plaintiff can prove the co-owners actually consented to the signatory co-owners' execution of the 2009 Amended Declaration, the amendment would be effective and binds the Vander Zees.

. . . .

[T]he Association's submission of affidavits does not constitute an *ex post facto* ratification of contracts. The affidavits of the co-owners merely serve to resolve a disputed material fact specified in the Court's March 19, 2015 ruling that precluded summary judgment on the previous occasion. In light of the Association's affidavits in support of the Renewed Motion for Summary Judgment, the Court deems the factual dispute concerning the non-signatory co-owners' consent properly resolved. Therefore, summary judgment should be entered in favor of the Association.

Upon our review, we find the district court did not err in its application of the language in the amended provisions. The clear language of the 1989 declaration—"the record owners in fee simple of at least two-thirds of said lots consent thereto"—was followed in 2009 when fourteen lot owners signed the amended declaration in representing two-thirds of the lots. The affidavits submitted after the district court's first ruling on summary judgment provided an additional, and potentially unnecessary, step confirming that two-thirds of the lots agreed to the amended declaration. Pursuant to our rules of contract interpretation, the Vander Zees have been unable to demonstrate, by legal authority or otherwise, the language "two-thirds of said lots" actually means two-thirds of said lot owners. We affirm the district court.

**C.     Homestead**

The Vander Zees claim that because their property is their "homestead" it falls under the protection of Iowa Code section 561.13 and therefore the amended declaration is inapplicable because they did not sign it. They claim both spouses jointly holding a lot are legally required to execute the amended declaration to the extent the lot qualified as a homestead.

Iowa Code section 561.13(1) provides:

A conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is not valid, unless and until the spouse of the owner executes the same or a like instrument, or a power of attorney for the execution of the same or a like instrument . . . .

The Vander Zees claim the amended declaration and its covenants "are a totally new set of covenants that supersede and replace the old covenants rather than simply amend them." Pursuant to our holdings above, we find the amended declaration was not a new conveyance or encumbrance and Iowa Code section 561.13(1) is inapplicable. The Vander Zees were bound to the 1989 declaration, as well as, the subsequently amended declaration, pursuant to the language in the warranty deed when they purchased their property. "[R]estrictive covenants . . . are recognized under Iowa law and exist to protect existing and future property owners in a subdivision by placing certain restrictions on the land so that lot owners use their lots in conformity with those restrictions." *Stone Hill Cmty. Ass'n v. Norpel*, 492 N.W.2d 409, 410 (Iowa 1992). The Vander Zees are bound by the covenants in the amended declaration, pursuant to the warranty deed, and thus they do not have the right to park vehicles on the property in violation of the covenants.

### D.    Verified Claim

The Vander Zees claim the amended declaration does not satisfy the requirements of a verified claim pursuant to Iowa Code section 614.24 and therefore is invalid.

The section imposes a twenty-one-year limit on the life of land-use restrictions "by providing for automatic termination of the covenants in the absence of affirmative actions to continue them." *Compiano v. Jones,* 269

N.W.2d 459, 461 (Iowa 1978). In order to avoid automatic termination of restrictive covenants, a claimant may file a verified claim to extend the limit for an additional twenty-one years. Iowa Code § 614.25; *Fjords N.,* 710 N.W.2d at 735 (explaining that restrictive covenants are contracts covered by section 614.24).

> A verified claim filed in the county recorder's office

> must set forth the nature of the interest (identify whether it is a reversionary, reverted, or use-restriction interest), the manner the interest was acquired (identify the deed, conveyance, contract, or will) and the time the deed, conveyance, or contract was recorded or if acquired by will, the time the will was probated.

*Fjords N.,* 710 N.W.2d at 740 (emphasis omitted). Further, the verified claim

> so filed shall be recorded, and the entries required in section 614.17A and any applicable entries specified in sections 558.49 and 558.52 indexed, in the office of the recorder of the county where such real estate is situated.

Iowa Code § 614.18.

Upon our review, we agree with the district court that the requirements for a verified claim were met by the Association.

## VI. ATTORNEY FEES

The Vander Zees request court costs and appellate attorney fees, pursuant to Iowa Code chapter 625. We decline to delve into the merits of the Vander Zees request and find that because the Vander Zees have not prevailed on appeal, they are not entitled to appellate attorney fees or court costs.

**AFFIRMED.**