WOODSTREAM DEVELOPMENT COMPANY, Appellee,

v.

PAYAK, Appellant.

[Cite as *Woodstream Dev. Co. v. Payak* (1994), 93 Ohio App.3d 25.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–178.

Decided Feb. 4, 1994.

*Steven Papadimos,* for appellee.

*Kevin Kennedy,* for appellant.

*Per Curiam.*

This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, which granted summary judgment to a developer in its lawsuit to enforce a restrictive covenant.

In 1992, appellant, John Payak III, purchased a home in a subdivision developed by appellee, Woodstream Development Company. Appellant's property was subject to a restrictive covenant, which provided, in pertinent part:

" * * * no pole, or overhead or exposed wires, whether for use in connection with radio, telephone, television, electric light or any other purpose, shall be erected * * * upon any lot * * * without the consent of Developer first having been obtained. * * .*"

Appellant erected a pole-mounted satellite dish on his property. After the satellite dish was erected, appellee sued, seeking an injunction to mandate the removal of the satellite dish. Following discovery, both parties moved for

summary judgment. The trial court granted appellee's motion for summary judgment, while denying appellant's motion. Appellant has now filed this appeal.

Appellant, in his fourth assignment of error, challenges the trial court's refusal to compel appellee to respond to appellant's interrogatories, which question whether appellee had permitted the erection of basketball backboards, wood storage or swing sets in the subdivision. The trial court found these questions to be irrelevant.

A trial court's rulings governing discovery are discretionary. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659. An "abuse of discretion" is more than an error of law or a mistake; it implies the court's attitude was unreasonable, arbitrary or unconscionable. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 168–169, 559 N.E.2d 1301, 1307–1309. Given this standard, we cannot say that the trial court's decision on this issue was an abuse of discretion. Accordingly, appellant's fourth assignment of error is not well taken.

The remainder of appellant's assignments of error concern the propriety of the trial court's decision to grant summary judgment to appellee and deny summary judgment to appellant.

The test for summary judgment is well known. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Here, although there may be a dispute relating to collateral facts, there is no dispute as to any material fact. The question is whether appellee is entitled to judgment as a matter of law.

Restrictions on the use of land are disfavored and should be strictly construed. *Loblaw, Inc. v. Warren Plaza* (1955), 163 Ohio St. 581, 591–592, 57 O.O. 10, 15, 127 N.E.2d 754, 759–760. This is not to say that restrictions on land usage are not possible, but rather that such constraints will be given an effect no greater than is clearly due.

In this case, the trial court found that appellant had notice of the restrictions and that these restrictions were properly part of a general plan or scheme. The court then correctly concluded that such restrictions were enforceable. See *Berry v. Paisley* (1990), 66 Ohio App.3d 77, 81, 583 N.E.2d 430, 432–433; *Bailey Dev. Corp. v. Mackinnon–Parker, Inc.* (1977), 60 Ohio App.2d 307, 313–314, 14 O.O.3d 277, 281–282, 397 N.E.2d 405, 409–410.

However, the issue before us is not that appellee was entitled to relief, but the breadth of the relief that was granted. The restrictive covenant in this case does not relate to satellite dishes; it relates to "pole[s], or overhead or exposed wires." Unlike the cases upon which appellee and the trial court rely for

expanding this restriction, there is no language in the restrictive covenant which could be construed as relating to satellite dishes or parabolic antennas.[1] Therefore, giving the restrictive clause at issue no greater effect than is clearly due, we conclude that the trial court properly ordered the removal of the pole upon which appellant's satellite dish is mounted, but erred when it refused to permit installation of the satellite dish on an alternative mounting. Accordingly, appellant's first and second assignments of error are well taken. Appellant's third and fifth assignments of error are well taken in part.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed in part. It is ordered that appellee pay the court costs of this appeal.

*Judgment accordingly.*

ABOOD, P.J., GLASSER and SHERCK, JJ., concur.

---

1. In *Breeling v. Churchill* (1988), 228 Neb. 596, 423 N.W.2d 469, the covenant construed prohibited "outside radio, television, ham broadcasting, or other electronic antenna[s] or aerial[s]." The clause in *DeNina v. Bammel Forest Civic Club* (Tex.App.1986), 712 S.W.2d 195, 198, prohibited "television or other electric antenna[s]."