[Cite as *Mounts v. Guernsey Cty. Children Servs.*, 2022-Ohio-4372.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT MCDAY MOUNTS, JR., | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GUERNSEY COUNTY CHILDREN | : | Case No. 22CA000026 |
| SERVICES, ET AL., | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
                              Court of Common Pleas, Case No.
                              20-PI-197


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             December 5, 2022


APPEARANCES:

Defendant-Appellant

MARVIN BENSON #A756728, Pro Se
Mansfield Correctional Institution
1150 North Main Street
Mansfield, Ohio 44901

*Baldwin, J.*

{¶1}   Appellant, Marvin Benson, appeals the decision of the Guernsey County Court of Common Pleas denying his request for access to grand jury minutes and transcripts.  Appellees are Robert McDay Mounts, Jr., Individually and as Administrator of the Estate of W.M., Miranda Delancey, Sarah Darby, Tiera Rockaway and Chad Kerns. We have not received a brief from any appellee in this matter.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   Robert McDay Mounts, Jr., Individually and as Administrator of the Estate of W.M., filed a wrongful-death action in the matter below, contending that Benson and the balance of the Appellees shared responsibility for the death of a minor, W.M. With regard to Benson, Mounts alleged that Benson assaulted and abused W.M. causing him severe physical injury and death (Amended Complaint, ¶¶ 49-50).  Mounts also alleged that Benson was convicted of the murder of W.M. in the Guernsey County Court of Common Pleas.

{¶3}   Benson was convicted of two counts of felony murder (R.C. 2903.02), two counts of involuntary manslaughter (R.C. 2903.04(A)), felonious assault (R.C. 2903.11(A)(1)), and endangering children (R.C. 2919.22(B)(1)), and was sentenced to a term of incarceration of 15 years to life. *State v. Benson*, 5th Dist. Guernsey No. 19CA00009, 2020-Ohio-1258, ¶ 1.  He appealed the conviction and his sentence to this court and we affirmed the decision of the trial court. *Id.* at ¶ 62. Benson pursued further appeal in the Supreme Court of Ohio and that court declined to accept jurisdiction. *08/18/2020 Case Announcements*, 2020-Ohio-4045, p. 4.

**{¶4}** On April 15, 2020, Mounts filed the complaint in this matter. On June 16, 2020, appellant filed a Petition to Vacate or Set Aside Judgment of Conviction and Sentence pursuant to R.C. 2953.21 in his criminal case. Upon the motion of appellant's counsel the trial court in this matter stayed the proceedings "until attorney visits resume at the correctional institution where Defendant is confined, and/or the jurisdictional appeal in Ohio Supreme Court Case No. 2020-0709 is concluded, whichever occurs later." (Entry, June 17, 2020).

**{¶5}** Benson, on January 10, 2022, filed a pro se Motion for Access to Public Records Pursuant to R.C. 149.43(B)(8). In his motion, Benson alleged that he needed the records for use in the pending Petition to Vacate or Set Aside Judgment of Conviction and Sentence pursuant to R.C. 2953.21 and also to defend himself in this matter.

**{¶6}** The trial court denied the motion stating, in relevant part, as follows: "The Court, on June 17, 2020, upon Motion of Defendant's Attorney, Dennis C. Belli, stayed proceedings on Defendant's Petition for Post-Conviction Relief until attorney visits resume at the correctional institution where Defendant is confined, and/or the jurisdictional appeal in Ohio Supreme Court Case No. 2020-0709 is concluded, whichever occurs later. Therefore, Defendant's Motion for Access to Public Records is hereby **DENIED**."

**{¶7}** Benson filed a notice of appeal of the trial court's denial of his request alleging that the trial court erred and abused its discretion in failing to find that the defendant presented a justiciable claim for accessing public records pursuant to R.C. 149.43(b)(8). We affirmed the trial court's decision finding that Benson "failed to specify exactly what documents that he was requesting and only vaguely referred to "public

documents." Without information as to what documents that appellant was requesting, the trial court could not determine if such documents were necessary to support a justiciable claim. We find, therefore, that the trial court did not err in denying appellant's motion." *State v. Benson*, 5th Dist. Guernsey No. 22CA00005, 2022-Ohio-2126, ¶¶ 24-26

**{¶8}** Benson filed several motions in the trial court, but the only pleading relevant to this appeal is his June 6, 2022 pleading captioned Motion for the Production of Grand Jury Minutes in which he requests "a copy of grand jury minutes and transcripts in case 18-CR-98, and 19-CR-280 from the Court of Common Pleas of Guernsey County, Ohio." Benson attached to that motion what he describes as an indictment of Tiera Nicole Mounts. The document is captioned Summary of Indictment, references case 19-CR-280, and lists thirty-three counts for several different offenses, including murder. The victim or victims of the offenses are not described in the indictment and the indictment is not verified by the Clerk. The indictment is not timestamped or otherwise dated and Benson does not offer any evidence describing what action was taken with regard to the indictment.

**{¶9}** Benson seeks the minutes and the transcript of the grand jury for use in his defense in the civil action. He speculates that this information will demonstrate that after he was convicted the grand jury indicted Tiera Mounts for the same crimes and that the grand jury documents are vital to his defense. He asserts that the indictment "shows that the State believed and convinced the grand-jury that Tiera Rockaway (aka Mounts) committed these offenses therefore showing Defendant Marvin Benson did not commit

the offenses he is now being sued for." (Motion for the Production of Grand Jury Minutes, June 6, 2022, p. 7).

{¶10}  No party responded to Benson's motion and the trial court ruled against him: "The Court finds that the Defendant has not shown a particularized need pursuant to *State v. Greer*, 66 Ohio St.3d 139 (1981). Therefore, the Court DENIES (sic) Defendant's Motion for the Production of Grand Jury Minutes and Transcripts."  (Nunc Pro Tunc Entry, Aug. 15, 2022, p. 3). Benson filed a notice of appeal and submitted one assignment of error:

{¶11}  "I. THE TRIAL COURT ERRORED (sic) AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT THE DEFENDANT PRESENTED A PARTICULARIZED NEED FOR THE DISCLOSURE OF THE PRODUCTION OF GRAND JURY MINUTES AND TRANSCRIPTS."

{¶12}  We have not received briefs from any appellee and the matter is now ripe for our review.

## STANDARD OF REVIEW

*{¶13}*  "[A] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." *In re Petition for Disclosure of Evidence Presented to Franklin Cnty. Grand Juries in 1970,* 63 Ohio St.2d 212, 217, 407 N.E.2d 513 (1980) quoting *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223, 60 L.Ed.2d 156, 99 S.Ct. 1667 (1979). A trial court's mistake of law or error in judgment is not sufficient to constitute an abuse of discretion. *Woodstream Dev. Co. v. Payak* (1994), 93 Ohio App.3d 25, 27." *In re Petition For Disclosure of Evidence*

*Presented To Certain Cuyhoga Cnty. Grand Juries In 1993*, 8th Dist. Cuyahoga No. 69941, 1997 WL 83118, *2 *See Also State v. Greer*, 66 Ohio St.2d 139, 148, 420 N.E.2d 982 (1981)

**{¶14}** We will review the trial court's decision for an abuse of that discretion and we will not disturb the decision unless "we conclude it is unreasonable, arbitrary, or unconscionable." *Castlebrook Ltd. v. Dayton Properties* (1992), 78 Ohio App.3d 340, 346.

### ANALYSIS

**{¶15}** Benson requested copies of grand jury minutes and transcripts from two cases and that request was denied when the trial court found that Benson did not show a particularized need for those documents.  Benson contends that the trial court abused its discretion by arriving at that conclusion and that his request did show a particularized need for the records.  He "intends to show that this case is not a murder case at all yet something completely different then (sic) what he has been convicted of due to a void indictment against him" and to show that the state "did not investigate the case" and that "the death of W.M. is not even a murder case."  In support of his argument, Benson contends that "there is conflicting evidence of another indictment of Defendant Tiera Rockaway (aka Mounts) stating she has committed the same murder that Defendant Benson has already been indicted and convicted of."  (Appellant's Brief, p. 5, 6)

**{¶16}** Before addressing the request for the grand jury minutes and transcripts, we must address the status of the civil case and how Benson's conviction impacts the claim against him.

**{¶17}** The complaint in this matter alleges that Benson was convicted of the murder of W.M. Appellant concedes in his brief that he was arrested for the death of W.M., charged and convicted of felony murder based on endangering children, felony murder based on felonious assault, involuntary manslaughter based on endangering children, involuntary manslaughter based on felonious assault, felonious assault, and endangering children. Benson filed an appeal and the conviction was affirmed. Under the circumstances, Mounts has a claim for damages arising from the violation of the criminal statutes and Benson is precluded "from denying in the subsequent civil proceeding any fact essential to sustaining that judgment." R.C. 2307.60(A)(2). The statute provides an exception to this prohibition, but only if Benson "can demonstrate that extraordinary circumstances prevented [him] from having a full and fair opportunity to litigate the issue in the criminal proceeding or other extraordinary circumstances justify affording [him] an opportunity to relitigate the issue." *Id.*

**{¶18}** Benson does not contend that he did not have a "full and fair opportunity to litigate the issue in the criminal proceeding" nor does he point to any extraordinary circumstances to justify relitigating the issue. During the trial of the criminal charges, he attempted to "call nineteen witnesses to demonstrate Tiera had a history of violence against W.M., and create a reasonable doubt Appellant was the perpetrator of the blow which caused W.M.'s death" *State v. Benson*, 5th Dist. Guernsey No. 19CA00009, 2020-Ohio-1258, ¶ 16. He argued on appeal that the trial court erred in excluding testimony "concerning Tiera's character and propensity for violence against W.M." *Id.* at ¶ 15. We denied the assignment of error and noted that "substantial evidence of acts of violence by Tiera came into evidence" and that Benson's "jail phone calls and police interview

included evidence of Tiera's prior acts of violence toward W.H.,(sic) both inside and outside the three-day time period set by the trial court." *Id.* at ¶¶ 33, 34.

**{¶19}** We find that Benson did have a full and fair opportunity to litigate the issue of Tiera's responsibility for W.M.'s death and that he has not shown any extraordinary circumstances that would justify relitigating that issue. Consequently, Benson is precluded "from denying in the subsequent civil proceeding any fact essential to sustaining that judgment." R.C. 2307.60(A)(2). This prohibition undermines Benson's ability to obtain grand jury records.

> "Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties only pursuant to this rule. A grand juror, prosecuting attorney, interpreter, court reporter, or typist who transcribes recorded testimony, may disclose other matters occurring before the grand jury, only when so directed by the court preliminary to or in connection with a judicial proceeding * * *.

Crim. R. 6(E).

**{¶20}** A trial court may order disclosure of matters occurring before the grand jury, but only when "the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." (Paragraph three of the syllabus in *State v. Patterson*, 28 Ohio St.2d 181, 277 N.E.2d 201, approved and followed.) *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981) syllabus, paragraph 2. And, "[w]hether particularized need for disclosure of grand jury

testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Id.* at Syllabus, paragraph 4.

**{¶21}** Benson contends that his particularized need arises from his contention that Tiera Mounts has been indicted for the same offense. The document attached to Benson's motion for the transcript does show an indictment of Tiera Mounts for several offenses, including murder, but provides no detail regarding the victim. Benson also does not offer any details regarding the status of the indictment or any charges against Tiera Mounts. Further, we find that Tiera Mounts may be charged with the death of W.M. as an accomplice under R.C. 2923.03, which may be stated under the terms of that statute or in terms of the principal offense. The fact that this indictment exists, therefor, does not demonstrate any inconsistency in the evidence or any material defect in the proceedings. These facts, when considered in the context of the impact of R.C. 2307.60 confirm that Benson has not shown a particularized need for the grand jury records and that it is not probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony. Instead, it appears that Benson seeks to relitigate his conviction after a trial and two appeals.

**{¶22}** Benson's assignment of error is denied.

**{¶23}** The decision of the Guernsey County Court of Appeals is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.